# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ADMIRAL INSURANCE COMPANY** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-CV-00399 |
| | § | |
| **K&K ROOFING AND CONSTRUCTION LLC,** | § | |
| | § | |
| Defendant. | § | |

## K&K ROOFING AND CONSTRUCTION LLC'S MOTION
## TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant K&K Roofing and Construction, LLC ("K&K") files this Motion to Dismiss for Lack of Subject Matter Jurisdiction. K&K respectfully would show this Court as follows:

### A. BACKGROUND

Following a tragic fire that occurred at the Iconic Village Apartments in San Marcos, Texas, K&K was named as a defendant in the following underlying lawsuits:

- Cause No. D-1-GN-18-003866; *Phillip Miranda, Individually and as Representative of the Estate of James Miranda, Deceased vs. K&K Roofing & Construction, et al.*; in the 345th Judicial District Court of Travis County, Texas (the "*Miranda* Lawsuit");

- Cause No. D-1-GN-18-004 799; *Steven Victor Mroski and Zachary A. Rosenfeld vs. K&K Roofing Construction, LLC, et al.*; in the 200th Judicial District Court of Travis County, Texas (the "*Mroski* Lawsuit"); and

- Cause No. D-1-GN-20-002873; *Karl Sutterfield, et al. v. K&K Roofing Company, et al.*; in the 126th Judicial District Court of Travis County, Texas (the "*Sutterfield* Lawsuit").[1]

K&K sought defense and indemnity coverage from Plaintiff, Admiral Insurance Company ("Admiral") for the *Miranda* Lawsuit, *Mroski* Lawsuit, and the *Sutterfield* Lawsuit (collectively, the "Underlying Lawsuits") under policy number CA000022058-03, which Admiral issued to K&K for the policy period from July 20, 2017 to July 20, 2018 (the "Admiral Policy").[2]

Admiral accepted defense coverage, subject to a reservation of rights, and appointed defense counsel to represent K&K in the Underlying Lawsuits. Thereafter, Admiral filed this action, seeking to have the Court issue a declaration that there is no coverage under the Admiral Policy for the damages sought by the plaintiffs in the Underlying Lawsuits.[3]

By letter dated January 28, 2021, K&K formally withdrew its request for defense and indemnity coverage for the Underlying Lawsuits under the Admiral Policy. See Exhibit A, Letter to Admiral Dated January 28, 2021 (the "Notice Letter"). In the Notice Letter, K&K confirmed that it no longer seeks defense or indemnity coverage from Admiral under the Admiral Policy with respect to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. Exhibit A, Notice Letter, p. 3. K&K also stated in the Notice Letter that it will not look to Admiral for reimbursement of any fees, costs, or expenses as it relates to the Underlying Lawsuits or any other potential future litigation that involves the same

---

[1] The *Sutterfield* Lawsuit was originally filed in Dallas County Court at Law Number 3 (Cause No.: CC-20-00036-C). That action was nonsuited and refiled in Travis County District Court on June 2, 2020.

[2] Admiral Insurance Company's Second Amended Original Complaint and Request for Declaratory Judgment (the "Second Amended Complaint") [Doc 11], p. 2; Exhibit A to the Second Amended Complaint [Doc 11-1, p. 4].

[3] *See* Admiral Insurance Company's Original Complaint and Request for Declaratory Judgment [Doc. 1], pp. 1, 3, 10–14. Admiral filed a First Amended Complaint [Doc. 5] and the Second Amended Complaint [Doc. 11] seeking the same relief.

facts and circumstances as those in the Underlying Lawsuits. *Id.* Additionally, K&K confirmed in the Notice Letter that it will not seek to be indemnified against any settlement or judgment against K&K with respect to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. *Id.*

### C. ARGUMENT AND AUTHORITIES

#### 1. Legal Standard for Rule 12(b)(1) Motions to Dismiss

While "the court must dismiss [an] action" if it "determines at any time that it lacks subject-matter jurisdiction,"[4] a party may also bring a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).[5] Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[6] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[7] Accordingly, the plaintiff—in this case, Admiral—constantly bears the burden of proof that jurisdiction does, in fact, exist.[8] In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute.[9] Ultimately, a court

---

[4] FED. R. CIV. P. 12(h)(3).

[5] *See* FED. R. CIV. P. 12(b)(1).

[6] *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013).

[7] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012).

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 684–85 (N.D. Tex. 2018).

[9] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Andrade*, 341 F. Supp. 3d at 685.

should grant a motion to dismiss for lack of subject matter jurisdiction if it appears certain that the plaintiff cannot prove any set of facts in support of its claim that would entitle plaintiff to relief.[10]

In this matter, K&K presents a factual challenge to this Court's jurisdiction. In particular, by withdrawing its claim for defense and indemnity coverage, the present action is moot as there no longer remains a justiciable case or controversy between K&K and Admiral and no such justiciable case or controversy will exist in the future, as K&K has bound itself not to pursue coverage in connection with the Underlying Lawsuits.[11] Thus, K&K respectfully requests that the Court grant K&K's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2. **The Court should Dismiss the Second Amended Complaint Because this Case no longer Involves a Justiciable Case or Controversy Supporting Federal Subject-Matter Jurisdiction**

The Court should dismiss this case because Admiral's claim for declaratory relief is moot. To maintain a declaratory judgment action "an actual controversy must be extant *at all stages of review*, not merely at the time the complaint is filed."[12] The Declaratory Judgment Act, 28 U.S.C. § 2201 (the "Act"), provides in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the

---

[10] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Andrade*, 341 F. Supp. 3d at 685.

[11] FED. R. CIV. P. 12(b)(1); *see Safeco Ins. Co. v. Smith*, No. 4:17-CV-1552, 2018 WL 513668, at *3 (E.D. Mo. Jan. 23, 2018) (holding that, when an insured withdrew its claim for coverage, declaratory judgment action by insurer became moot); *Security Nat'l Ins. Co. v. FDIC*, No. 13-6736, 2015 WL 1973346, at *3–4 (E.D. Pa. May 1, 2015) (finding that withdrawal of an insurance claim renders moot a declaratory judgment between the insurer and insured); *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail LP*, No. 11-CV-0336, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013) (same); *Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 732–34 (N.D. Ill. 2011) (same); *Unigard Ins. Co. v. Cont'l Warehouse*, No. 00-CV-4279, 2001 WL 432396, at *2–3 (N.D. Cal. April 26, 2001) (recognizing that, even though there was an active controversy when the litigation initially was filed, the court lacked subject matter jurisdiction when the insured subsequently withdrew its claim for coverage under the policy while the declaratory judgment action was pending); *State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 105 (E.D. Pa. 1982).

[12] *Steffel v. Thompson*, 415 U.S. 452, 460 n.10 (1974) (emphasis added).

rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In addressing the Act's restriction to cases of actual controversy, the Supreme Court of the United States has stated:

> The Constitution limits the exercise of the judicial power to "cases" and "controversies." . . . The Declaratory Judgment Act of 1934, in its limitation to "cases of actual controversy," manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. The word "actual" is one of emphasis rather than of definition . . . .
>
> A "controversy" in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.[13]

Further, in examining a Rule 12(b)(1) motion, "the district court is empowered to consider matters of fact which may be in dispute."[14] The facts presented to this Court at this time establish that an actual controversy no longer exists, never will exist in the future, and Admiral is now seeking an impermissible advisory opinion.[15] The United States Supreme Court has consistently recognized

---

[13] *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937) (citations omitted); *Rowan Co., Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989); *see also* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2757 (1983).

[14] *Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 684–85 (N.D. Tex. 2018).

[15] *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004).

that, under Article III of the United States Constitution, "a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'"[16] Likewise, a federal court's judgment in a case must resolve "'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"[17]

When a claim for coverage under an insurance policy is withdrawn, there is no longer a justiciable case or controversy sustaining federal jurisdiction for a declaratory judgment action.[18] Recently, a federal district court in Missouri evaluated a similar circumstance. In *Safeco Insurance Company of America v. Smith*, the insured pleaded guilty to molesting his daughter, S.M.S., for several years, including the time when the homeowners' policy issued by Safeco was in effect.[19] A lawyer representing the interests of S.M.S. filed suit against the insured, and the insured submitted the lawsuit to Safeco for defense and indemnity.[20] Safeco filed a declaratory judgment action pursuant to the Act against the insured and S.M.S., seeking a declaration that the homeowners' policy did not provide coverage for the damages sought.[21]

The insured withdrew his claim for insurance coverage after Safeco moved for a default judgment in the coverage litigation.[22] Prior to granting the default, the court directed the defendants to show cause as to why default should not be entered. Thereafter, the defendants submitted a letter

---

[16] *Veneman*, 380 F.3d at 814 (quoting *Prieser*, 422 U.S. at 401).

[17] *Id.*

[18] *See* authority cited *infra* at Note 11.

[19] No. 4:17-CV-1552, 2018 WL 513668, at *1 (E.D. Mo. Jan. 23, 2018).

[20] *Id.*

[21] *Id.*

[22] *Id*.

outlining that the insured was withdrawing his request for coverage and did not intend to pursue any coverage under the homeowners' insurance policy for the damages sought in the underlying matter.[23]

The court first rejected Safeco's argument that the motion to dismiss was untimely,[24] explaining that the question of whether there is a "live case or controversy . . . goes to the Article III jurisdiction" of the court's power.[25] Thus, the issue of "[m]ootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions."[26] The court then explained that, when "an insured withdraws a claim for coverage, there is no longer a case or controversy," as the insured has disclaimed any intention of pursuing coverage under the policy.[27] Other courts have found that there is no justiciable controversy between an insurer and insured in a declaratory judgment action brought under the Act, even when the insured specifically reserves the right to reassert a claim for coverage at a later time.[28]

In this matter, K&K has unequivocally and unconditionally withdrawn its demand for defense and indemnity under the Admiral Policy with respect to the Underlying Lawsuits. Thus, there remains no pending justiciable controversy between K&K and Admiral as to the Underlying Lawsuits. This is demonstrated even more clearly by the fact that K&K did not, unlike the insured in

---

[23] *Id.* at *1.

[24] *Id*. at *2.

[25] *Id*. (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)).

[26] *Id.*

[27] *Id.*

[28] *See State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F.Supp. 103, 105–06 (E.D. Pa. 1982); *see also Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail LP*, No. 11-CV-0336, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013) (citing *Ormston* with approval and finding that "the issue of whether the Policy entitles [the insured] to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction"); *Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 732–34 (N.D. Ill. 2011) (explaining that the insurer "is not faced with the kind of 'dilemma' that the . . . Act sought to ameliorate: it is not presently required to take any action with respect to the [underlying claims], or to refrain from taking any action, to

many other cases, reserve the right to seek coverage at a later time. Thus, any ruling by this Court in this matter would be nothing more than an impermissible advisory opinion.[29]

## C. PRAYER

WHEREFORE, PREMISES CONSIDERED, K&K Roofing and Construction LLC prays that this Court will enter an order dismissing Plaintiff's claims for lack of subject matter jurisdiction and awarding K&K such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

 /s/ Douglas P. Skelley
Douglas P. Skelley
*Lead Attorney to be Noticed*
State Bar No. 24056335
doug@shidlofskylaw.com
Blake H. Crawford
State Bar No. 24065096
blake@shidlofskylaw.com

SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expy., Ste. 430
Austin, Texas 78731
512-685-1400 (Phone)
866-232-8412 (Fax)

**ATTORNEYS FOR DEFENDANT K&K ROOFING AND CONSTRUCTION LLC**

---

eliminate the risk of liability"); *Unigard Ins. Co. v. Cont'l Warehouse*, No. 00-CV-4279, 2001 WL 432396, at *2–3 (N.D. Cal. April 26, 2001).

[29] *See* FED. R. CIV. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

## CERTIFICATE OF SERVICE

I hereby certify that, on January 28, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record for all parties who have consented in writing to accept service by electronic means.

*/s/ Douglas P. Skelley*
Douglas P. Skelley