UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:20-CV-00399 |
| | § | |
| K&K ROOFING AND CONSTRUCTION | § | |
| LLC, | § | **JURY DEMAND** |
| | § | |
| Defendant. | § | |

**ADMIRAL INSURANCE COMPANY'S RESPONSE TO K&K ROOFING AND CONSTRUCTION LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE JUDGE OF THIS COURT:

Admiral Insurance Company (hereinafter "Admiral" or "Plaintiff"), respectfully files this Response to the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant, K&K Roofing and Construction LLC ("Defendant" or "K&K"), and would respectfully show the Court as follows:

**I.**
**SUMMARY**

1.      Admiral issued a commercial general liability policy to K&K (the "Policy"). Following an apartment complex fire, K&K was sued for negligence and gross negligence in three separate lawsuits which are pending in state court in Travis County, Texas (the "Underlying Lawsuits"). K&K sought defense and indemnity from Admiral under the Policy for the Underlying Lawsuits. On April 15, 2020, Admiral filed the present action, seeking a declaratory judgment to establish that Admiral has no duty to defend and indemnify K&K with respect to the Underlying Lawsuits. On January 6, 2021, Admiral filed a motion for summary judgment on these issues.

2.	On January 28, 2021, K&K's counsel sent correspondence to Admiral's counsel, formally withdrawing K&K's request for defense and indemnity under the Policy.[1]  On the same day, K&K filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Admiral's claim for declaratory judgment is now moot, because there no longer remains a justiciable case or controversy following K&K's withdrawal of its claim for coverage under the Policy.  However, this action is not moot, and a justiciable controversy remains, because K&K has not satisfied its burden that it will not again seek insurance coverage under the Policy for the Underlying Lawsuits.

**II.**
**ARGUMENTS AND AUTHORITIES**

3.	A controversy becomes moot when, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interests to maintain the litigation. *See Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1048 (5th Cir. 1993). Mootness can arise in one of two ways. First, a controversy can become moot when the issues presented are no longer live. *Id.* at 1048. A controversy can also become moot when "the parties lack a legally cognizable interest in the outcome." *Id.*  However, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (U.S. 2013).

4.	This dispute is not currently moot. Although K&K's counsel sent correspondence to Admiral's counsel formally withdrawing its request for coverage under the Policy, the action is not moot because the Underlying Lawsuits against K&K are still pending. *See, e.g., Admiral Ins. Co. v. Zadeck Energy Grp., Inc.*, 2016 WL 7364502, at *1 (W.D. La. 2016) (holding that an insurer's complaint for a declaratory judgment against its insured was not mooted by the insured's

---

[1] *See* Document 28-1, Exhibit A to K&K's Motion to Dismiss.

withdrawal of its tender of defense and indemnity because the underlying lawsuit giving rise to the insurer's duty to defend was still pending).

5.      Further, this action is not currently moot because K&K could re-submit a claim for defense and indemnity from Admiral in the future regarding the Underlying Lawsuits, and it has not represented to Admiral that it will not do so. *See, e.g., GEICO Gen. Ins. Co. v. Chito*, 2018 WL 10407449, at \*2 (S.D. Fla. 2018) (holding that an insurer's declaratory judgment action against its insured was not moot despite the insured's withdrawal of his claim for benefits, because there was no representation by the insured that he would not re-submit his claim in the future).

6.      Accordingly, K&K's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is improper because there is still a justiciable case or controversy between the parties. The written notice withdrawing K&K's claim for insurance coverage under the Policy has not mooted the controversy, because it does not clearly state that K&K will not seek a future determination of coverage in this matter, nor does it contain any promise or representation that K&K will not re-submit the claim to Admiral for defense and indemnity coverage in the Underlying Lawsuits. Otherwise, the case could be dismissed, K&K could re-submit its request for coverage and the whole process starts over.

7.      Should K&K clarify its position that they stipulate and represent that they will not re-submit this claim to Admiral for insurance coverage at any time in the future, then Admiral would concede that this Court may then lack subject matter jurisdiction. However, at this time, a case and controversy remains. *Geico* at 2.

## PRAYER

For the reasons stated herein, Admiral respectfully prays that the Court deny K&K's Motion to Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure; and for all other and further relief to which Admiral may be entitled, at law or in equity.

Respectfully submitted,

**RYMER, ECHOLS, SLAY & NELSON-ARCHER, P.C.**

By: _____
Nathan M. Rymer
State Bar No. 00792814
Federal ID No. 18902
nrymer@resnlaw.com
Claire Ries
State Bar No. 24075214
cries@resnlaw.com
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile:  (713) 626-1558

ATTORNEYS FOR PLAINTIFF
ADMIRAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on February 8, 2021, a true and correct copy of the foregoing document was served on counsel of record **via the Court's CM/ECF filing system.**

_____
Nathan M. Rymer