## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ADMIRAL INSURANCE COMPANY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:20-CV-00399** |
| | § | |
| **K&K ROOFING AND CONSTRUCTION** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### K&K ROOFING AND CONSTRUCTION LLC'S REPLY TO ADMIRAL INSURANCE COMPANY'S RESPONSE TO K&K ROOFING AND CONSTRUCTION LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Local Rules of this Court, K&K Roofing and Construction, LLC ("K&K") files this Reply to the Response by Admiral Insurance Company ("Admiral") (the "Response") [Doc. 29] to the Motion to Dismiss for Lack of Subject Matter Jurisdiction. K&K respectfully would show this Court as follows:

### A.    REPLY

In its Response, Admiral misinterprets and misapplies the very case law cited in its Response, and Admiral also mispresents to this Court the arguments set forth in K&K's Motion to Dismiss [Doc. 28] and the content of the letter K&K submitted to Admiral withdrawing its claim for coverage for the Underlying Lawsuits[1] [Doc. 28-1] under the Admiral Policy. Thus, K&K is compelled to file a short reply to correct any misconception in the record created by the Response.

---

[1] The Underlying Lawsuits are as follows:

Admiral argues in the Response that "this action is not currently moot because K&K could re-submit a claim for defense and indemnity from Admiral in the future regarding the Underlying Lawsuits, and it has not represented to Admiral that it will not do so." Response [Doc. 29], p. 3. In support, Admiral cites *GEICO Gen. Insurance Co. v. Chito*,[2] and includes the following parenthetical description of *Chito*: "holding that an insurer's declaratory judgment action against its insured was not moot despite the insured's withdrawal of his claim for benefits, because there was no representation by the insured that he would not re-submit his claim in the future." Response [Doc. 29], p. 3.

What Admiral omits is that, in *Chito*, the insured made no affirmative representation to the insurer or the court that he was withdrawing his claim for insurance and would not be seeking coverage under the policy for the accident at issue.[3] In *Chito*, the insured was involved in an auto accident with an uninsured/underinsured motorist, which prompted the insured to file suit against that motorist in Florida state court. He later filed an amended pleading in the state court action, adding GEICO as a party and seeking UM damages from it as a result of the collision.[4] The insured subsequently filed a Civil Remedy Notice with the Florida Office of Insurance Regulation,

---

Cause No. D-1-GN-18-003866; *Phillip Miranda, Individually and as Representative of the Estate of James Miranda, Deceased vs. K&K Roofing & Construction, et al.*; in the 345th Judicial District Court of Travis County, Texas;

Cause No. D-1-GN-18-004 799; *Steven Victor Mroski and Zachary A. Rosenfeld vs. K&K Roofing Construction, LLC, et al.*; in the 200th Judicial District Court of Travis County, Texas; and

Cause No. D-1-GN-20-002873; *Karl Sutterfield, et al. v. K&K Roofing Company, et al.*; in the 126th Judicial District Court of Travis County, Texas.

[2] No. 18-61787-CIV-WPD, 2018 WL 10407449 (S.D. Fla. Dec. 21, 2018).

[3] *See id.* at *1–2 ("Chito has not replied that he is withdrawing his request for UM coverage. He has not represented that he will not re-submit the claim.").

[4] *Id.* at 1.

asserting he was entitled to stacked and matched UM coverage from GEICO.[5] GEICO then filed

a separate declaratory judgment action against the insured in federal court. One week after GEICO

filed its declaratory judgment action in federal court, the insured withdrew the Civil Remedy

Notice and a motion he had filed to amend his complaint against GEICO in the state court suit.[6]

The insured then moved to dismiss the GEICO federal declaratory judgment action, asserting "that

there is no controversy for the Court to make a declaration about."[7]

> Rejecting the insured's argument, the court concluded:

>> Unlike [*Security National Insurance Co. v. FDIC*, No. 13-6736, 2015 WL
>> 1973346, at \*4 (E.D. Pa. May 1, 2015)[8]], Chito has not replied that he is
>> withdrawing his request for UM coverage. He has not represented that he
>> will not re-submit the claim. There remains an active claim against the
>> Policy. Here, Chito has not satisfied his burden of persuading this Court that
>> he will not again seek a determination that GEICO should be responsible
>> for stacked coverage. [citation omitted].[9]

Put simply, *Chito* is wholly irrelevant to this matter. To the contrary, the holding from

Chito supports K&K's position that no live controversy exists between K&K and Admiral at this

time. Unlike the insured in *Chito*, by letter dated January 28, 2021, K&K formally withdrew its

request for defense and indemnity coverage for the Underlying Lawsuits under the Admiral Policy.

Exhibit A to K&K's Motion to Dismiss [Doc. 28-1]. In that letter, K&K unequivocally states and

represents to Admiral that K&K no longer seeks defense or indemnity coverage from Admiral

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] K&K cites *FDIC* in its Motion in support of its argument that the unequivocal withdrawal of a claim means that
there is no pending dispute or controversy between the insured and insurer. Motion to Dismiss [Doc. 28], p. 4.

[9] *Id*. at \*2.

under the Admiral Policy with respect to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. *Id.*, p. 3. More importantly, K&K also states and represents to Admiral that K&K **will not** look to Admiral for reimbursement of any fees, costs, or expenses as it relates to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. *Id.* (emphasis added). Additionally, K&K represents to Admiral in the letter that it **will not** seek to be indemnified against any settlement or judgment against K&K with respect to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. *Id.* (emphasis added).

Then, in its Motion to Dismiss [Doc. 28], K&K included that very letter as an Exhibit and—unlike the insured in *Chito*—represented to this Court in that Motion that K&K has "unequivocally and unconditionally withdrawn its demand for defense and indemnity under the Admiral Policy with respect to the Underlying Lawsuits." Doc. 28, p. 7. K&K further represented to this Court that "K&K did not, unlike the insured in many other cases [cited in the Motion to Dismiss], reserve the right to seek coverage [from Admiral] at a later time." *Id.* pp. 7–8. K&K also argued in its Motion:

> In this matter, K&K presents a factual challenge to this Court's jurisdiction. In particular, by withdrawing its claim for defense and indemnity coverage, the present action is moot as there no longer remains a justiciable case or controversy between K&K and Admiral and no such justiciable case or controversy will exist in the future, as **K&K has bound itself not to pursue coverage in connection with the Underlying Lawsuits**.

Doc. 28, p. 4 (emphasis added).

That notice of withdrawal letter, the facts within the Motion to Dismiss, and the applicable case law cited in the Motion to Dismiss establish that there is no live controversy between K&K

and Admiral and that this Court lacks subject matter jurisdiction to issue a ruling. Unlike the insured in *Chito*, K&K **has** made express representations to both Admiral and this Court that K&K is not seeking coverage under the Admiral Policy for the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. Moreover, K&K has established that—unlike the insured in *Chito*— K&K has barred itself from ever seeking coverage under the Admiral Policy for the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. Admiral's representations to the contrary are inaccurate.

Admiral's other argument also has no merit. In particular, Admiral argues that a live controversy still exists because the Underlying Lawsuits are still pending. Response, pp. 2–3. In support, Admiral cites to *Admiral Insurance Co. v. Zadeck Energy Group*, *Inc.*[10] and includes the following parenthetical: "holding that an insurer's complaint for a declaratory judgment against its insured was not mooted by the insured's withdrawal of its tender of defense and indemnity because the underlying lawsuit giving rise to the insurer's duty to defend was still pending." Notably, though, in *Zadeck*, the insured "refused to promise that it would not seek defense and indemnity regarding the [underlying lawsuit] in the future."[11] As explained in the withdrawal of claim letter, the Motion to Dismiss, and above, K&K has withdrawn its claim and represented that it will not seek coverage under the Admiral Policy for the Underlying Lawsuits or any other potential future lawsuit that involves the same facts and circumstances as those in the Underlying Lawsuits. Thus, *Zadeck* provides Admiral with no support. The holding in *Zadeck* also is contrary

---

[10] No. 2:16-CV-00912, 2016 WL 7364502, at *1 (W.D. La. Dec. 5, 2016).

[11] *Id.*

to many other courts across the country that have found that there is no justiciable controversy between an insurer and insured in a declaratory judgment action brought under the federal Declaratory Judgment Act, *even when the insured specifically reserves the right to reassert a claim for coverage at a later time*.[12]

In sum, notwithstanding Admiral's misrepresentations to the contrary, K&K has unequivocally and unconditionally withdrawn its demand for defense and indemnity under the Admiral Policy with respect to the Underlying Lawsuits. Thus, there remains no pending justiciable controversy between K&K and Admiral as to the Underlying Lawsuits. This is demonstrated even more clearly by the fact that K&K did not, unlike the insured in many other cases, reserve the right to seek coverage at a later time. Thus, any ruling by this Court in this matter would be nothing more than an impermissible advisory opinion.[13]

## B.   PRAYER

WHEREFORE, PREMISES CONSIDERED, K&K Roofing and Construction LLC prays that this Court will enter an order dismissing Plaintiff's claims for lack of subject matter jurisdiction and awarding K&K such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

---

[12] *See State Farm Mut. Auto. Ins. Co. v. Ormston*, 550 F. Supp. 103, 105–06 (E.D. Pa. 1982); *see also Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail LP*, No. 11-CV-0336, 2013 WL 3205345, at *3 (S.D. Cal. June 24, 2013) (citing *Ormston* with approval and finding that "the issue of whether the Policy entitles [the insured] to any insurance benefits for the Settlement is an abstract legal question, and presents no actual controversy over which this Court has jurisdiction"); *Selective Ins. Co. of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 732–34 (N.D. Ill. 2011) (explaining that the insurer "is not faced with the kind of 'dilemma' that the . . . Act sought to ameliorate: it is not presently required to take any action with respect to the [underlying claims], or to refrain from taking any action, to eliminate the risk of liability"); *Unigard Ins. Co. v. Cont'l Warehouse*, No. 00-CV-4279, 2001 WL 432396, at *2–3 (N.D. Cal. April 26, 2001).

[13] *See* FED. R. CIV. P. 12(h)(3) (stating that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

---

**K&K ROOFING'S REPLY TO ADMIRAL'S RESPONSE TO K&K'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT MATTER JURISDICTION**                                         **PAGE 6**

Respectfully submitted,

/s/ Douglas P. Skelley
Douglas P. Skelley
*Lead Attorney to be Noticed*
State Bar No. 24056335
doug@shidlofskylaw.com
Blake H. Crawford
State Bar No. 24065096
blake@shidlofskylaw.com

SHIDLOFSKY LAW FIRM PLLC
7200 N. Mopac Expy., Ste. 430
Austin, Texas 78731
512-685-1400 (Phone)
866-232-8412 (Fax)

**ATTORNEYS FOR DEFENDANT K&K
ROOFING AND CONSTRUCTION LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, Austin Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record for all parties who have consented in writing to accept service by electronic means.

*/s/ Douglas P. Skelley*
Douglas P. Skelley