# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **ADMIRAL INSURANCE COMPANY,** § § § *Plaintiff* § § **v.** § § **K&K ROOFING AND** § **CONSTRUCTION LLC,** § *Defendant* § | **Case No. 1:20-CV-399-LY** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Admiral Insurance Company's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment, filed January 6, 2021 (Dkt. 20); K&K Roofing and Construction LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed January 28, 2021 (Dkt. 28); Admiral Insurance Company's Response to K&K's Motion to Dismiss, filed February 8, 2021 (Dkt. 29); and K&K's Reply to Admiral's Response, filed February 12, 2021 (Dkt. 31). The District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. Background

On July 20, 2017, Admiral Insurance Company ("Admiral"), a Delaware insurance company, issued a commercial general liability policy (the "Policy")[1] to K&K Roofing and Construction LLC ("K&K"), a Texas commercial roofing company. In relevant part, the Policy provided that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> ***
>
> This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2) The "bodily injury" or "property damage" occurs during the policy period; . . . .

Dkt. 21 at 13. The Policy further provided that the "Policy Period" was "From 07/20/2017 To 07/20/18 At *12:01 A.M. Standard Time.*" *Id.* at 6 (emphasis added).

In the early morning hours of July 20, 2018, a fire broke out at the Iconic Village Apartments in San Marcos, Texas, killing five people and causing injuries to multiple occupants of the apartment complex. The victims of the fire sued numerous defendants, including K&K, which had performed roofing work on the apartment complex. *See Miranda v. San Marcos Green Investors, LLC*, No. D-1-GN-18-003866 (345th Dist. Ct. Travis County, Tex. Sept. 21, 2020); *Mroski v. San Marcos Green Investors, LLC*, D-1-GN-18-004799 (200th Dist. Ct. Travis County, Tex. July 2, 2020); *Sutterfield v. K&K Roofing Co.*, D-1-GN-20-002873 (126th Dist. Ct. Travis County, Tex.

---

[1] Admiral Policy No. CA000022058-03, Dkt. 21 at Exh. A.

Sept. 1, 2020) (collectively, the "Underlying Lawsuits"). The plaintiffs in the Underlying Lawsuits allege that K&K negligently installed a metal roof on top of the existing wood roof on the apartment complex, which worsened the effects of the fire, and seek damages for bodily injuries resulting from the fire. The *Miranda* Plaintiffs allege that the fire broke out at around 4:30 a.m. on July 20, 2018, and the *Mroski* and *Sutterfield* Plaintiffs each allege that the fire started "in the early morning hours" of July 20, 2018. Dkt. 21 at 211.

K&K filed a claim under the Admiral Policy seeking defense and indemnity for the Underlying Lawsuits. Admiral initially accepted defense coverage, subject to a reservation of rights, and appointed defense counsel to represent K&K in the Underlying Lawsuits. On April 15, 2020, however, Admiral filed this suit for a declaratory judgment that it has no duty to defend or indemnify K&K in the Underlying Lawsuits because the Policy lapsed at 12:01 a.m. on July 20, 2018, several hours before the fire broke out. Dkt. 1. Admiral further requests a declaration that it has no duty to indemnify K&K for any future settlement or future judgment that may be entered in the Underlying Lawsuits. Second Amended Complaint, Dkt. 11 ¶ 31.

On January 6, 2021, Admiral filed its Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c) requesting a declaration that it has no duty to defend or indemnify K&K in the Underlying Lawsuits. Subsequently, on January 28, 2021, K&K sent Admiral a letter formally withdrawing K&K's request for defense and indemnity under the Policy. On the same day, K&K filed its Motion to Dismiss for Lack of Jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Admiral's claims for declaratory relief are moot and there is no longer a case or controversy between K&K and Admiral. Admiral disagrees, arguing that a justiciable controversy remains "because K&K has not satisfied its burden that it will not again seek insurance coverage under the Policy for the Underlying Lawsuits." Dkt. 29 at 2.

## II.     Standards of Review

"Generally speaking, a court cannot assume that it has jurisdiction and proceed to resolve a case on the merits." *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). Thus, before ruling on the merits of the case, "it is imperative that the court first determine whether it has jurisdiction to hear the suit; if jurisdiction is lacking, then the court has no authority to consider the merits." *Cook v. Reno*, 74 F.3d 97, 99 (5th Cir. 1996). Accordingly, the Court must address K&K's Rule 12(b)(1) Motion to Dismiss and determine whether the Court has subject matter jurisdiction over this case before considering Admiral's Rule 56(c) Motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### A.  Rule 12(b)(1) Standard

Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In ruling on a Rule 12(b)(1) motion, the court may

4

consider (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Doctrine of Mootness

The doctrine of mootness arises from Article III of the Constitution, which provides that federal courts may adjudicate only actual, ongoing "Cases" or "Controversies." U.S. CONST. art. III, § 2; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Accordingly, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 171-72 (2013). District courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be on a hypothetical state of facts. *Id.* at 172. A case becomes moot and there is no longer a case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.*

"In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Thus, a request for declaratory relief "can be mooted by subsequent developments." *Haggard v. Bank of the Ozarks, Inc.*, 547 F. App'x 616, 620 (5th Cir. 2013). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin*, 568 U.S. at 172 (cleaned up).

### III.  Analysis

K&K contends that Admiral's declaratory judgment action is moot because K&K has formally withdrawn its request for defense and indemnity under the Policy. Accordingly, K&K moves the Court to dismiss this case under Rule 12(b)(1) because "an actual controversy no longer exists, never will exist in the future, and Admiral is now seeking an impermissible advisory opinion." Dkt. 28 at 5.

As noted, Admiral's lawsuit seeks a declaration that it (1) has no duty to defend or indemnify K&K in the Underlying Lawsuits, and (2) has no duty to indemnify K&K for any future settlement or judgment that may be entered in the Underlying Lawsuits. Second Amended Complaint, Dkt. 11 ¶ 31. After Admiral filed this case and moved for summary judgment, K&K sent Admiral a letter titled "**Withdrawal of Claim**" (the "Letter") notifying Admiral that: "By this letter, K&K formally withdraws the request that it submitted to Admiral for coverage under the Admiral Policy with respect to the Underlying Lawsuits." Dkt. 28-1 at 2.

Despite K&K's formal withdrawal of its insurance claim, Admiral contends that this case is not moot because the Underlying Lawsuits remain pending. Admiral argues that "K&K could re-submit a claim for defense and indemnity from Admiral in the future regarding the Underlying Lawsuits, and it has not represented to Admiral that it will not do so." Dkt. 29 at 2-3. This is a misrepresentation of K&K's Letter. In the Letter, K&K clearly and unequivocally states the following:

> K&K will not look to Admiral for reimbursement of any fees, costs, or expenses as it relates to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits. Additionally, K&K will not seek to be indemnified against any settlement or judgment against K&K with respect to the Underlying Lawsuits or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits.

***

> K&K does not waive any additional rights it has under the Admiral Policy with respect to any other existing, pending, or future claim or suit that **does not** involve the Underlying Lawsuits or any other existing, pending, or future claim or suit that **does not** involve the same facts and circumstances as those in the Underlying Lawsuits. It is the express intent, however, of K&K to completely abandon any claim and/or request for coverage under the Admiral Policy with respect to the Underlying Lawsuits.

Dkt. 20-1 at 1. Thus, the Letter shows that K&K has withdrawn its request for defense and indemnity for the Underlying Lawsuits, or any other potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits.

In addition, K&K represents to the Court that it has "unequivocally and unconditionally withdrawn its demand for defense and indemnity under the Admiral Policy with respect to the Underlying Lawsuits." Dkt. 28 at 7. K&K further states that "K&K has bound itself not to pursue coverage in connection with the Underlying Lawsuits," and "did not, unlike the insured in many other cases, reserve the right to seek coverage at a later time." *Id.* at 4, 7-8.

"A claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not to proclaim liability for a past act. It therefore can be mooted by subsequent developments." *Haggard*, 547 F. App'x at 620. The justiciability of a declaratory judgment action in the insurance context "hinges on whether a defendant is actually seeking to obtain coverage under the plaintiff's policy." *Sec. Nat'l Ins. Co. v. Amchin*, No. CV 15-750, 2016 WL 1392258, at *5 (E.D. Pa. Apr. 7, 2016). Courts have held that the withdrawal of a claim under an insurance policy renders a declaratory judgment action moot. *See Safeco Ins. Co. of Am. v. Smith*, No. 4:17 CV 1552 (JMB), 2018 WL 513668, at *2 (E.D. Mo. Jan. 23, 2018); *Amchin*, 2016 WL 1392258, at *5; *Am. Int'l Specialty Lines Ins. Co. v. Pacifica Amber Trail, LP*, No. 11CV0336-LAB-WVG, 2013 WL 3205345, at *1 (S.D. Cal. June 24, 2013); *Selective Ins. Co.*

*of South Carolina v. Phusion Projects, Inc.*, 836 F. Supp. 2d 731, 734-35 (N.D. Ill. 2011); *Unigard Ins. Co. v. Cont'l Warehouse*, No. C-00-4279 WHO, 2001 WL 432396, at *3 (N.D. Cal. 2001); *State Farm Mut. Auto. Ins. v. Ormstron*, 550 F. Supp. 103, 106 (E.D. Pa. 1982).

Here, because K&K has clearly and unequivocally represented to Admiral and this Court that K&K is no longer seeking coverage under the Policy for the Underlying Lawsuits or any potential future litigation that involves the same facts and circumstances as those in the Underlying Lawsuits, Admiral's claims for declaratory relief have been rendered moot. Indeed, Admiral "has obtained the relief it sought." *Haggard*, 547 F. App'x at 620. Accordingly, Admiral's lawsuit should be dismissed as moot. The Court lacks jurisdiction to issue an opinion on a matter that is no longer a live case or controversy between the parties. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

Because this case is moot, it does not present an active case or controversy within the meaning of Article III of the United States Constitution. Accordingly, the Court lacks subject matter jurisdiction to rule on the Motion for Summary Judgment or issue a declaratory judgment.

### IV.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** K&K Roofing and Construction LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 28) and **DISMISS** this suit without prejudice under Federal Rule of Civil Procedure 12(b)(1). The Court **FURTHER RECOMMENDS** that the District Court **DISMISS** Admiral Insurance Company's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment for lack of jurisdiction (Dkt. 20).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 20, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE